UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA NAILS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15CV983 CEJ |
| MASTERCARD DISPUTES, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e), or in the alternative, Fed.R.Civ.P. 12(h)(3) for lack of subject matter jurisdiction.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). To state a viable claim for relief, a civil rights plaintiff must plead facts, not conclusions, to support his causes of action. *E.g., Gregory v. Dillards, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009) (en banc). "A plaintiff must assert facts that affirmatively and

plausibly suggest that the pleader has the right he claims rather than facts that are merely consistent with such a right." *Id.* (quotations and citation omitted).

## The Complaint

Plaintiff brings this action against defendant "MasterCard Disputes" to recover damages arising from an alleged improper charge to her credit card. According to plaintiff's complaint, plaintiff used her MasterCard credit card to purchase a one-year warranty from an automobile dealership for an engine for her car. Plaintiff later discovered that the dealership had charged her for a two-year warranty. Plaintiff contacted defendant to dispute the charge and to seek a refund. However, defendant allegedly refused to permit plaintiff to file a formal dispute. Plaintiff seeks to recover the amount charged to her credit card by the automobile dealership.

## Prior Litigation Against MasterCard International Inc.

On January 14, 2015, plaintiff filed a complaint against MasterCard based on the same set of facts as those alleged in the instant action. *See Nails v. MasterCard Disputes,* 4:15CV126 CEJ (E.D.Mo.). Service was initiated on plaintiff's complaint, and defendant MasterCard International Incorporated filed a motion to dismiss plaintiff's complaint on March 13, 2015, asserting that plaintiff's complaint lacked subject matter jurisdiction and failed to state a claim upon which relief could be granted.

On April 14, 2015, the Court found that plaintiff's complaint failed to state a claim upon which relief could be granted, pursuant to Fed.R.Civ.P.12(b)(6). The Court found that plaintiff had alleged in her civil cover sheet that she was attempting to bring claims against defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* and 15 U.S.C. § 1643, which limits a cardholder's liability for unauthorized use of a credit card. However, plaintiff had failed to allege facts sufficient to state a plausible claim for relief under either cause of action.

Plaintiff's complaint was therefore dismissed with prejudice. *See Nails v. MasterCard Disputes,* 4:15CV126 CEJ (E.D.Mo.). Plaintiff failed to file an appeal of the order of dismissal.

**Discussion**

In the instant complaint, plaintiff once again seeks to bring a lawsuit against MasterCard Disputes. The allegations she asserts here are identical to those asserted in the prior case. *See Nails v. MasterCard Disputes,* 4:15CV126 CEJ (E.D.Mo.). However, plaintiff has not mentioned either the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* or a cause of action under 15 U.S.C. § 1643, in the present action.[1] To the extent plaintiff believes these causes of action are included in her complaint, then the complaint must be dismissed pursuant to the doctrine of res judicata. If indeed, these claims are meant to be excluded from the present complaint, then the complaint is subject to dismissal for lack of federal question jurisdiction.

Res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir.2004). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir.1998). The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts. *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir.2004) (noting the court adopted the position of the Restatement (Second) of Judgments, § 24). As plaintiff had a full and fair opportunity to litigate the prior action in front of the present Court and the prior action was

---

[1] The Court notes that plaintiff failed to file a civil cover sheet in the present action.

dismissed, with prejudice, her present action must be dismissed pursuant to the doctrine of res judicata.[2]

However, to the extent plaintiff has intentionally omitted any federal claims in the instant complaint, then the Court lacks jurisdiction over this matter, and the action must be dismissed pursuant to Fed.R.Civ.P.12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

An Order of Dismissal will be filed separately.

Dated this 1st day of July, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

---

[2] In addition to res judicata, it is apparent that plaintiff is attempting to harass MasterCard with what appears to be a second lawsuit in this Court. This is also grounds for termination of the present action, pursuant to 28 U.S.C. § 1915 under the maliciousness standard of the statute. A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. *Spencer v. Rhodes*, 656 F. Supp. 458, 463 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Id.* at 461-63.